# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRECISION PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 13-1823 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| TRICO SURVEYING AND ) | |
| MAPPING, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

### I. **MEMORANDUM**

For the reasons that follow, the Motion to Dismiss Precision Pipeline, LLC's Amended Complaint (Doc. 15), filed by Defendant Trico Surveying and Mapping, Inc. ("Trico"), will be denied, and the Motion to Dismiss Precision Pipeline, LLC's Amended Complaint (Doc. 18), filed by Defendant G-A-I Consultants, Inc. ("G-A-I"), will also be denied.

The parties are well-acquainted with Plaintiff's factual averments and the law. As to Plaintiff's single count of negligent misrepresentation against Defendants, the Court finds that Defendants have not shown that Plaintiff fails to state a plausible claim under Pennsylvania law as set forth by the Pennsylvania Supreme Court in Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270 (Pa. 2005). In a factual scenario somewhat similar to that in the instant case, the plaintiff in Bilt-Rite was a contractor who allegedly incurred increased costs on a school construction project because the defendant-architect had supplied the school district with false and/or misleading information. See id. at 272. The questionable information subsequently was included in construction bid documents, and relied upon by the plaintiff in

bidding and construction. See id. As in the case at bar, in Bilt-Rite, there was no contract between the plaintiff and the defendant; rather, contracts existed between the school district and the defendant for design services, and between the school district and the plaintiff for construction. See id. The trial court sustained preliminary objections and dismissed the complaint, noting that, although Pennsylvania courts had cited Section 552 of the Restatement (Second) of Torts (1977) with approval, none had permitted a cause of action against a design professional in those circumstances. See id. at 273-74. The Superior Court affirmed, and the Pennsylvania Supreme Court granted further review to address the issue. See id. at 274.

In its opinion, the Bilt-Rite court reviewed several recent Pennsylvania cases addressing the tort of negligent misrepresentation, including Bortz v. Noon, 729 A.2d 555 (Pa. 1999), which Defendants in this case both cite in their briefs in support of their Motions to Dismiss. See Trico's Br. (Doc. 16) at 4-5; G-A-I's Br. (Doc. 19) at 6. The Bilt-Rite court noted that the elements of the common law tort of negligent misrepresentation as presented in Bortz, "would appear to apply to any allegation of negligent misrepresentation against any individual no matter what his occupation or relationship to the injured party." Bilt-Rite, 866 A.2d at 280.[1]

The court reasoned that Section 552 of the Restatement is, however, "more specific, appearing to apply on its face only to actions against those individuals who, in the course of their business, profession or employment, or in any other transaction in which they have a pecuniary interest, supply false information for the guidance of others in their business transactions." Id. With regard to the duty owed in such an instance, "Section 552 sets forth the parameters of a duty owed . . . where one intends or knows that the information will be used by others in the

---

[1] The tort of negligent misrepresentation requires proof of: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and; (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." Bortz, 729 A.2d at 561 (citations omitted).

2

course of their own business activities." Id. at 285-86. Specifically, Section 552 provides that such an individual "is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Restatement (Second) of Torts § 552(1). The court observed that the tort is "narrowly tailored, as it applies only to those businesses which provide services and/or information that they know will be relied upon by third parties in their business endeavors, and it includes a foreseeability requirement, thereby reasonably restricting the class of potential plaintiffs." Id. at 286.

The Bilt-Rite court adopted Section 552 "as the law in Pennsylvania in cases where information is negligently supplied by one in the business of supplying information, such as an architect or design professional, and where it is foreseeable that the information will be used and relied upon by third persons, even if the third parties have no direct contractual relationship with the supplier of information." Id. at 287. Regardless of lack of privity of contract, the court stated that "Section 552 imposes a duty of reasonable care upon the supplier of professional information for use by others." Id. Therefore, in order for this Court to grant Defendants' Motions to Dismiss, Defendants must demonstrate that Plaintiff has not properly alleged a cognizable claim for negligent misrepresentation in accordance with the factors set forth by the Pennsylvania Supreme Court in Bilt-Rite and with Section 552 of the Restatement (Second) of Torts.

The Court finds that Plaintiff, at a minimum, alleges the following: that Defendants "provided design information for the bidding and construction of the Project in their capacity as parties engaged in the business of supplying design information;" that Defendants "knew or should have known that others, specifically contractors bidding on the Project, would rely on and

3

use the information . . . for their benefit during the course of their own activities relating to the Project;" that Defendants "had a duty to exercise reasonable care and competence in obtaining or communicating the information included in and related to the Contract Documents and Plans;" that Defendants "failed to exercise such reasonable care by negligently, recklessly, knowingly and/or intentionally providing inaccurate or false information relevant to Precision's work on the Project;" that Plaintiff "reasonably relied, to its detriment" on Defendants' misrepresentations; and, finally, that Plaintiff "suffered significant damages" as a result of Defendants' misrepresentations. Am. Compl. (Doc. 14) at ¶¶ 65, 67, 69-70, 77-78.

In its Motion to Dismiss, Trico argues that it "did not have a duty to provide the information that Plaintiff is alleging that Trico failed to provide." Trico's Motion to Dismiss, ¶ 2. Similarly, G-A-I asserts that it had no duty to Plaintiff with regard to various types of information at issue in this case. See G-A-I's Motion to Dismiss, ¶¶ 10, 31. As previously discussed, however, the Bilt-Rite court specifically embraced the Section 552 approach to duty in cases, such as this, wherein a supplier of professional information for use by others owes those others a duty of reasonable care. See 866 A.2d at 285-86. Section 552 "imposes a simple reasonable man standard upon the supplier of the information," and "merely recognizes that it is reasonable to hold such professionals to a traditional duty of care for foreseeable harm." Id. at 286. Plaintiff has indeed alleged that Defendants in this case had a duty to exercise reasonable care, and that they failed to exercise such reasonable care in the performance of their professional duties. See discussion supra, and Am. Compl. ¶¶ 69-75. Accordingly, this portion of Plaintiff's claim has been sufficiently pled.

Both Trico and G-A-I have failed to establish that Plaintiff cannot state a plausible claim for negligent misrepresentation. Trico and/or G-A-I remain free, however, to revisit their

arguments on summary judgment, once the parties have engaged in discovery and their legal theories are further developed.

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Defendant Trico's Motion to Dismiss (**Doc. 15**) is **DENIED**, and Defendant G-A-I's Motion to Dismiss (**Doc. 18**) is **DENIED**.

IT IS SO ORDERED.

September 8, 2014                                                   s\Cathy Bissoon
                                                                    Cathy Bissoon
                                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record